IN RE:  CASE NO.15-30684
    CHAPTER 13
    **SHEILA A. HODGE**  JUDGE: OPPERMAN
    **Debtor**

Debtor(s)
_____/

**PLAN SUMMARY**

*For informational purposes only.*

ACP: 48 Months
Minimum Plan Length: 48 Months
Plan payment: $850/$1,330 per Month
Minimum dividend to Class 9 Creditors $750.00
Percentage of Tax Refunds committed 0 %

**CHAPTER 13 PLAN**

[ ] Original     **OR**     [ **X** ] Pre-Confirmation Modification # **1**     [ ] Post-Confirmation Modification #_____

**NOTICE TO CREDITORS:**
**YOUR RIGHTS MAY BE AFFECTED. THIS PLAN MAY BE CONFIRMED AND BECOME BINDING WITHOUT FURTHER NOTICE OR HEARING UNLESS A TIMELY WRITTEN OBJECTION IS FILED.**
**READ THIS DOCUMENT CAREFULLY AND SEEK THE ADVICE OF AN ATTORNEY.**

I. **STANDARD MODEL PLAN; INCORPORATION OF ADDITIONAL TERMS, CONDITIONS AND PROVISIONS; ALTERATIONS NOTED:**

    A. **THIS PLAN IS SUBJECT TO AND INCORPORATES BY REFERENCE THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS WHICH MAY BE FOUND AT WWW.13EDM.COM or WWW.MIEB.USCOURTS.GOV.**

    **INTERESTED PARTIES MAY ALSO OBTAIN A WRITTEN COPY OF THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS APPLICABLE TO CHAPTER 13 PLANS FROM DEBTOR'S COUNSEL UPON WRITTEN REQUEST.**

    B. This Plan conforms in all respects to the Standing Chapter 13 Trustees' Model Plan which is referenced in Administrative Order 12-05 issued by the U.S. Bankruptcy Court for the Eastern District of Michigan. Those sections of this Plan that vary from the Model Plan are listed in this paragraph (any alterations not stated in this section are void):

II. **APPLICABLE COMMITMENT PERIOD; PLAN PAYMENTS; PLAN LENGTH; EFFECTIVE DATE AND ELIGIBILITY FOR DISCHARGE:**

    A. □ Debtor's Current Monthly Income DOES NOT exceed the applicable State median income. Nevertheless, in order to enable her priority debts to be paid, Debtor commits to 48 months, running from the date of the entry of the Order Confirming Plan, or longer if needed to meet the commitments set forth in Subparagraph B below.

    B. Debtor's plan payment amount shall remain at **$850.00** per month through May, 2016 inclusive, and thereafter shall be increased to $1,330.00 for whatever duration is required to enable all trustee fees, attorney fees, and priority claims to be paid in full along with a $750.00 total dividend to unsecured creditors. Confirmation shall be CONDITIONAL on the Debtor prevailing in adversary action #15-03089-dof *Parks v. Hodge*. In the event that this Court rules, in said adversary action, that the Debtor's Chapter 13 discharge should be denied, or that the debt owed to Darrell Parks is not dischargeable in this proceeding, and said ruling or rulings is/are either upheld on appeal or not appealed within the applicable period for an appeal by right, the Order Confirming Plan shall be

vacated and set aside.

C. Future Tax Refunds. *See Paragraph A of the Additional Terms, Conditions and Provisions for additional information regarding Tax Refunds and Tax Returns.*

III. **DESIGNATION AND TREATMENT OF CLASSES OF CLAIMS:** *See Paragraph F of the Additional Terms, Conditions and Provisions for additional information regarding the order in which claims are to be paid.*

   A. **CLASS ONE – TRUSTEE FEES** as determined by statute.

   B. **CLASS TWO – ADMINISTRATIVE CLAIMS, INCLUDING ATTORNEYS FEES AND COSTS:**

   1. **PRE-CONFIRMATION ATTORNEY FEES:** At confirmation of the Plan, Counsel shall elect to either:
      a. In lieu of filing a separate fee application pursuant to 11 USC §327 and §330, accept the sum of $3,500.00 for services rendered plus $51.56 for costs advanced by Counsel, for total Attorney Fees and Costs of $3,551.00 through the Effective Date of the Plan. The total Attorney Fees and Costs less the sum of  paid to Counsel prior to the commencement of this case as reflected in the Rule 2016(b) Statement leaving a net balance due of $1,151.56, will be paid as an Administrative Expense Claim; **or**
      b. Request an award of compensation for services rendered and recovery of costs advanced by filing a separate Application for Compensation for services rendered up through the date of entry of the Order Confirming Plan pursuant to 11 USC §327 and §330. If Counsel elects to file a fee application pursuant to this sub-paragraph, the Trustee shall escrow $4,000 for this purpose. *See Paragraph B of the Additional Terms, Conditions and Provisions for additional information.*

   2. **POST-CONFIRMATION ATTORNEY FEES:** *See Paragraph D of the Additional Terms, Conditions and Provisions for additional information.*

   3. **OTHER ADMINISTRATIVE EXPENSE CLAIMS:** Any administrative expense claims approved by Order of Court pursuant to 11 USC §503 shall be paid as a Class Two administrative claim. *See Paragraph E of the Additional Terms, Conditions and Provisions for additional information.*

   C. **CLASS THREE – SECURED CLAIMS TO BE STRIPPED FROM THE COLLATERAL AND TREATED AS UNSECURED CLAIMS TO BE PAID BY TRUSTEE. NONE**

   D. **CLASS FOUR - SECURED CLAIMS ON WHICH THE LAST CONTRACTUAL PAYMENT IS DUE BEYOND THE LENGTH OF THE PLAN. 11 USC §1322(b)(5)**. NONE

   E. **2. Pre-Petition Arrearages to be paid by Trustee**: **Those amounts which were due as of the filing of the Order for Relief: NONE**

   E. **CLASS FIVE - SECURED CLAIMS ON WHICH THE LAST PAYMENT WILL BECOME DUE WITHIN THE PLAN DURATION. 11 USC §1322(c)(2).** (*See Paragraph H, Paragraph L and Paragraph O of the Additional Terms, Conditions and Provisions for additional information*):

   1. **Creditors to be paid Equal Monthly Payments, 11 USC §1325(a)(5)(B)**: NONE

   2. **Creditors not to be paid Equal Monthly Payments, 11 USC §1325(a)(5)(A)**: NONE

   F. **CLASS SIX – EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES. 11 USC §§365, 1322(b)(7):** – **Debtor assumes the executory contracts and unexpired leases listed in subparagraph 1.** (*See Paragraph K of the Additional Terms, Conditions and Provisions for additional information*):

   1. **Continuing Lease/Contract Payments:**

| Creditor | Property | Monthly Payment | Lease/Contract expiration date | Direct or Via Trustee |
|---|---|---|---|---|
| VERIZON WIRELESS | CELL PHONE PLAN | 66.13 | UNKNOWN | DIRECT |
| SAGER CREEK CONDOMINUM MARINA ASSOCIATION | LOT 66 (payment is for property taxes) | $50.000 | N/A | DIRECT |

2. **Pre-petition Arrearages on Assumed Executory Contracts and Leases** *(to be paid by Trustee)*: NONE

3. Debtor rejects the executory contracts and unexpired leases listed in this subparagraph 3. Any unexpired lease or executory contract that is neither expressly assumed in Class 6.1 above or expressly rejected below shall be deemed rejected as of the date of confirmation of debtor's chapter 13 plan to the same extent as if that unexpired lease or executory contract was listed below. (*See Paragraph K of the Additional Terms, Conditions and Provisions for additional information*):

| Creditor | Property |
|---|---|
| SAGER CREEK CONDOMINUM MARINA ASSOCIATION | LOT #82 AU GRES MARINA, AuGres, Michigan (abandoned due to unpaid condo fees) |
| EXETER FINANCE CO. | 2011 CHEVROLET IMPALA |

G. **CLASS SEVEN – PRIORITY UNSECURED CLAIMS. 11 USC §§507, 1322(a)(2).**

1. **Domestic Support Obligations: Continuing Payments that come due on and after the date of the Order for Relief**: NONE

2. **Domestic Support Obligations: Pre-Petition Arrearages due as of the filing of the Order for Relief:** NONE

3. **All Other Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]**

| Creditor | Amount | Direct or via Trustee |
|---|---|---|
| INTERNAL REVENUE SERVICE | $32,966.00 | TRUSTEE |
| STATE OF MICHIGAN | $23,086.00 | TRUSTEE |

H. **CLASS EIGHT – SEPARATELY CLASSIFIED UNSECURED CLAIMS. 11 USC §1322(b)(1):** *(To be paid by Trustee)*: (*See Paragraph M of the Additional Terms, Conditions and Provisions for additional information)*: NONE

I. **CLASS NINE - GENERAL UNSECURED CLAIMS** *(to be paid by Trustee)*: – *See Paragraph N of the Additional Terms, Conditions and Provisions for additional information.*

   ☐ This Plan shall provide a total sum for distribution to creditors holding Class 9 General Unsecured claims in an amount that is not less than the Amount Available in Chapter 7 shown on Attachment 1, Liquidation Analysis and Statement of Value of Encumbered Property (the "Unsecured Base Amount"). This Plan shall provide either (i) the Unsecured Base Amount; or (ii) will continue for the full Plan Length as indicated in Paragraph II.A of this Plan, which ever yields the greater payment to Class 9 Unsecured Creditors. *See Attachment 2, Chapter 13 Model Worksheet, Line 8, for additional information concerning funds estimated to be available for payment to Class 9 Unsecured Creditors.*

   ☐ This Plan shall provide a dividend to holders of Class 9 General Unsecured Claims equal to 100% of allowed claims.

   If neither box is checked or if both boxes are checked, then the plan shall pay the Unsecured Base Amount.

**IV.   OTHER PROVISIONS**:

*a.  No interest shall be allowed on unsecured claims.*
*b.  TAX RETURNS AND TAX SET-OFFS:  All tax returns which have become due prior to the filing of the Plan have been filed. The Internal Revenue Service and the United States Department of Treasury may continue to offset future tax refunds, including the $1,783.00 refund for 2014, against existing tax debt, but are prohibited from offsetting post-petition tax refunds for payment of pre-petition obligations.*
*c.  The boat slip #082, located on Midshipman Drive in AuGres, Michigan, will be (or has been) SURRENDERED.*
*d.  The boat slip #066, located on Midshipman Drive in AuGres, Michigan, will be RETAINED.*
e.  The Adequate Protection Order entered so as to enable Exeter Finance Co. to receive monthly installment payments for its claim secured by the 2011 Chevrolet Impala shall be TERMINATED.  Effective April 1, 2016, the automatic stay is likewise TERMINATED and the vehicle shall be SURRENDERED by the Debtor.  The Debtor's attorney shall execute and approve a stipulation for relief from the automatic stay with respect to the 2011 Impala, effective April 1, 2016.  This provision does not preclude an earlier motion from Exeter seeking a lift of stay.


*/s/John A. Streby*
_____
**John A. Streby (P-26397)
444 Church Street
Flint MI 48502
(810) 767-2700
johnstreby@gmail.com**

**/s/***Sheila Hodge*
**Sheila Hodge, Debtor**

## ATTACHMENT 1

### LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY:

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| BOAT SLIP #066 | 1,000.00 | 6,000 | 0 | 0 | |
| HHG/PERSONAL EFFECTS | 400.00 | 0 | 4000.00 | 4000.00 | 0 |
| JEWELRY | 1500.00 | 0 | 1500.00 | 1500.00 | 0 |
| CASH/BANK ACCOUNTS | 200.00 | 0 | 200.00 | 200.00 | 0 |
| VEHICLES | 12,000.00 | 13,000 | 0 | 0 | 0 |
| POTENTIAL RECOVERY FROM EX-HUSBAND FOR TORTIOUS ABUSE OF PROCESS OR MALICIOUS PROSECUTION. | 135,500 | 135,500 | 0 | 0 | 0 |
| PROPERTY DIVISION, LIKELY TO BE SUBJECT TO 100% OFFSET | | | | | |
| OTHER *(itemize)* | | | | | |

# **ATTACHMENT 2**

CHAPTER 13 MODEL WORKSHEET
LOCAL BANKRUPTCY RULE 3015-1(B)(2) E.D.M.

1. Proposed length of Plan: 60 months

2.    a. Payments on hand: $4,486.00
   b. Step payment #1 $850.00 for 44 months = $3,400.00
   c. Step payment #2 $1,330.00 for 44 months (or more) = $58,520.00
   d. Other payments: None
   
                                                 TOTAL PAID INTO PLAN: $66,406.00

3. Estimated Disbursements other than to Class 9 General Unsecured Creditors

   a. Estimated Trustee Fees                               $2,325.00

   b. Estimated Attorney Fees and costs
   through confirmation of plan                     $5,000.00

   c. Estimated Attorney Fees and costs
   Post-confirmation through duration of Plan    $1,500.00

   d. Estimated Fees of Other Professionals         $0

   e. Total mortgage and other
   continuing secured debt payments             $0

   f. Total non-continuing secured
   debt payments (including interest)             $0

   g. Total Priority Claims                           $56,052.00

   h. Total arrearage claims                          $0

4. Total Disbursements other than to Class 9 General Unsecured Creditors
   (Total of lines 3.a through 3.h)                                       $64,877.00

8. Funds *estimated* to be available for Class 9 General Unsecured Creditors
   (Line 5 minus Line 7)                                                       $1,529.00

9. Estimated dividend to Class 9 General Unsecured Creditors
   in Chapter 7 proceeding (see liquidation analysis on Page 6)        $0